UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY NELSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:06CV00458 ERW ) |
| DAVID M. SUIRE, | ) ) |
| Defendant. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Timothy Nelson for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendant David M. Suire (Clinical Director, MSOTC). Plaintiff states that, prior to his civil commitment, he was incarcerated at the South Central Correctional Center ("SCCC"), where some of the events set forth in his complaint occurred; the other events occurred at MSOTC.

More specifically, plaintiff alleges that on October 27, 2004, defendant violated his due process rights by writing a false End of Confinement report ("EOC"), stating that plaintiff had remained in contact with his victim, had threatened her, and had tried to get another inmate to kill her husband. According to plaintiff, defendant wrote in the EOC report that plaintiff "was found guilty of conspiracy to commit murder/ manslaughter . . . [and] that this incident involved another inmate asking him to rape and kill [the inmate's] cousin." Plaintiff claims that he was not given a copy of the "alleged evidence," he was not afforded the right to challenge the "points" surrounding the allegations, and the false EOC report was used as evidence in his civil commitment hearing and resulted in his commitment at MSOTC. He further alleges that, as a result of the false EOC report, he was moved to "Hoctor-3 (readiness ward or intensive treatment ward), where he was beaten and sexually assaulted.

**Discussion**

The Court takes judicial notice of another civil rights action filed by plaintiff against defendant David M. Suire. *See Nelson v. Swire*, No. 4:05-CV-1695-CDP (E.D.Mo.).[1] In that case, plaintiff asserted § 1983 claims identical to the ones he asserts in the instant complaint. The Court dismissed the previous action on the merits on December 12, 2005.

Under the doctrine of res judicata, also known as claim preclusion, "'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994)(*quoting Montana v. United States*, 440 U.S. 147, 153 (1979)). A claim will be held to be precluded by a prior lawsuit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. *See In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1977); *Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 372 (8th Cir. 1997)(subsequent history omitted). Also, the plaintiff must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect. *In re Anderberg-Lund*, 109 F.3d at 1346. A review of the instant complaint and Cause No. 4:05-CV-1695-CDP (E.D.Mo.) indicates that all of the factors exist for barring the instant complaint under the doctrine of res judicata.

In accordance with the foregoing,

---

[1]The Court notes that in the previous-filed action, defendant's name was spelled "David M. Swire," and in the instant action, his name is spelled "David M. Suire."

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's original motion to proceed in forma pauperis [Doc. 1] and motion to appoint counsel [Doc. 6] are **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

So Ordered this 25th Date of May, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**